UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARMA STARR,

    Plaintiff,                              Case No. 14-14380

v.

                                          Hon. John Corbett O'Meara

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

    Defendant.
_____/

## OPINION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

Before the court is Defendant's motion to dismiss, filed January 5, 2015, and which has been fully briefed. For the reasons discussed below, Defendant's motion is denied in part and granted in part.

## BACKGROUND FACTS

On April 2, 2004, Plaintiff, Earma Starr, and her now-deceased husband, James Starr, obtained a loan from Flagstar Bank in the amount of $155,200. The loan was evidenced by a note and secured by a mortgage on their home on Santa Rose Drive in Detroit, where Plaintiff has lived for forty years. The mortgage was assigned to Nationstar Mortgage LLC on February 22, 2013, and recorded on March 4, 2013. Defendant Federal National Mortgage Association ("Fannie Mae")

is the successor in interest to Nationstar.

In 2012, Plaintiff missed two mortgage payments. She then learned about Detroit Non Profit Corporation (DNPC), an agency that provides housing counseling and mortgage assistance to prevent foreclosure. DNPC approved Plaintiff for mortgage assistance to cure her arrearage. DNPC sent a check to Nationstar that cured her arrearage in October 2012. See Pl.'s Compl. at Ex. 4; Pl.'s Affidavit. Plaintiff then attempted to resume making her monthly payments but Nationstar refused to accept her check. Despite the fact that someone at Nationstar had signed for the check, Nationstar told Plaintiff that it never received the check from DNPC and that she would need to modify her loan. Id.; Pl.'s Ex. 6.

Plaintiff worked with DNPC and Step Forward Michigan to modify her loan. Plaintiff contends that she sent documents over and over again to Nationstar for almost a year, to no avail. Pl's Affidavit at ¶ 10. In November 2013, she received a letter from Step Forward Michigan indicating that they could not help her because her home had been sold at a sheriff's sale. Id. Plaintiff contends that she only received notice of the sale after calling Nationstar to inquire about homeowners insurance for the property. Id. at ¶ 11. After the sale, Nationstar sent Plaintiff a check back in the amount that DNPC had paid to cure her arrearage. Id. at ¶ 12.

Defendant contends that Plaintiff was in default "by failing to make each and every monthly payment as they came due." Nationstar proceeded with foreclosure by advertisement. On October 24, 2013, Defendant purchased the property at the sheriff's sale for $139,631.93. The redemption period expired on April 24, 2014, and Plaintiff did not redeem the property.

On May 2, 2014, Defendant Fannie Mae initiated summary proceedings to recover possession of the property in 36th District Court. On May 22, 2014, Plaintiff filed an answer and counterclaim. The counterclaim (now the complaint) was severed from the summary proceedings and removed to Wayne County Circuit Court. The complaint was then removed to this court by Fannie Mae. Plaintiff's complaint alleges claims for breach of contract, promissory estoppel, illegal foreclosure, and exemplary damages.

## LAW AND ANALYSIS

**I.     Standard of Review**

Defendant seeks dismissal of Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 129 S.Ct. 1937,

1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

## II. Standing to Challenge Foreclosure Sale

Defendant argues that, because the redemption period has expired, Plaintiff lacks statutory standing to challenge the foreclosure sale. Plaintiff contends that the foreclosure is voidable as a result of an irregularity in the foreclosure process, that is, Plaintiff was not in default because her arrearage had been promptly cured.

Foreclosures by advertisement are governed by statute under Michigan law. See M.C.L. § 600.3201 *et seq.* The applicable statute provides that the mortgagor has six months after the sheriff's sale to redeem the property. M.C.L. § 600.3240. "If a mortgagor fails to avail him or herself of the right of redemption, all the mortgagor's rights in and to the property are extinguished." Bryan v. JP Morgan Chase Bank, 304 Mich. App. 708, 713 (2014). See also M.C.L. § 600.3236.

Once the redemption period expires, "the ability for a court to set aside a sheriff's sale has been drastically circumscribed." Conlin v. MERS, 714 F.3d 355, 359 (6th Cir. 2013). "Michigan courts have held that once the statutory redemption period lapses, they can only entertain the setting aside of a foreclosure sale where

the mortgagor has made 'a clear showing of fraud, or irregularity.'" Id. (citation omitted).

In addition, "to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Kim v. JP Morgan Chase Bank, 493 Mich. 98, 115-16 (2012).

Although this standard presents a high hurdle to many plaintiffs, Plaintiff has alleged facts demonstrating an irregularity in the foreclosure process, namely that Defendant foreclosed at a time when she was not actually in default, contrary to M.C.L. 600.3204(1)(a). Plaintiff alleges that a check curing her two-month arrearage was presented to Nationstar. Plaintiff further alleges that she then attempted to resume monthly payments, which were refused by Nationstar. Had Nationstar properly credited her account, there would be no basis for Nationstar to foreclose by advertisement under M.C.L. 600.3204, which requires the borrower to be in "default" before proceedings may commence.

Further, Plaintiff alleges facts demonstrating prejudice under Kim. Plaintiff states that she cured her arrearage and was prepared to resume monthly payments. Had Nationstar not improperly begun foreclosure proceedings, Plaintiff would

have clearly been in a better position to preserve her interest in the property by continuing to make monthly payments rather than attempting to redeem the property by tendering a lump sum. Contrary to Defendant's argument, Plaintiff has alleged facts sufficient to challenge the foreclosure sale.

### III. Breach of Contract

Defendant alleges that Plaintiff's breach of contract claim must fail because she breached the note or mortgage first by defaulting. As discussed above, however, the facts surrounding Plaintiff's alleged default are in dispute. The merits of Plaintiff's breach of contract claim cannot be decided as a matter of law at this stage of the proceedings.

### IV. Promissory Estoppel

In support of her promissory estoppel claim, Plaintiff alleges that Nationstar promised that she would be reviewed for loss mitigation and financial assistance through the Hardest Hit Homeowners program. Plaintiff alleges that, despite this promise, Nationstar commenced foreclosure proceedings in the midst of the loss mitigation/loan modification process.

Any promise from a financial institution to modify a loan must be in writing and signed by an authorized person to be enforceable. See M.C.L. 566.132(2)(b) ("A promise or commitment to renew, extend, modify, or permit a delay in

repayment or performance of a loan, extension of credit, or other financial accommodation" must be in writing to be enforced under Michigan law). An alleged oral promise of a loan modification cannot support Plaintiff's promissory estoppel claim under the statute of frauds. See Crown Tech. Park v. D & N Bank, 242 Mich. App. 538, 553-54 (2000) (statute bars claim to enforce alleged oral promise of loan modification regardless of its label, including promissory estoppel and negligence). Therefore, the court will dismiss Plaintiff's promissory estoppel claim.

## V. **Exemplary Damages**

Defendant argues that Plaintiff's claim for exemplary damages should be dismissed because it is a remedy contingent on her other claims, not a separate cause of action. Because some of Plaintiff's claims survive, this argument does not serve to carry Defendant's burden here.[1]

## **ORDER**

IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED IN PART AND DENIED IN PART, consistent with this opinion and

---

[1] Defendant makes additional arguments in its reply brief, to which Plaintiff has not had an opportunity to respond. The court disregards arguments made for the first time in reply briefs. See Scottsdale Ins. Co. v. Flowers, 513 F.3d 546, 553 (6th Cir. 2008).

order.

                                                  s/John Corbett O'Meara
                                                United States District Judge

Date: March 11, 2015

       I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 11, 2015, using the ECF system.

                                                  s/William Barkholz
                                                  Case Manager